United States District Court
Middle District of Florida
Tampa Division

**GLADYS SANTIAGO,**

   *Plaintiff,*

v.                                                                              **NO. 8:24-cv-1552-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

---

# Order

Gladys Santiago moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 24. She requests $4,092.40 for 16.25 hours of work, including these line items: "Prepared and filed complaint" (0.25 hours) and "Final draft and file Memorandum of Law with the court" (3 hours). Doc. 24 at 1, 5; Doc. 24-1.

In ruling on an EAJA motion, a court must decide if the requested fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). Besides demonstrating the reasonableness of rates, the movant must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

"Block billing" occurs when an attorney "include[s] multiple tasks in a single time entry." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377

(M.D. Fla. 2010). Block billing prevents a court from determining the amount of time spent on a particular task. *Id.* at 1377–78. "While attorneys cannot be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them … to perform." *Id.* at 1378.

Clerical work is usually subsumed in the rate a lawyer already charges. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). Tasks like filing or e-filing documents are considered clerical and are not compensable as an attorney's fee under the EAJA. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000).

The motion, Doc. 24, is **denied without prejudice**. Santiago fails to satisfy her burden of showing the reasonableness of the number of hours expended because she engages in block billing and requests fees for time spent performing clerical work. Any renewed motion must be filed by **August 4, 2025**, and must omit block billing and clerical work.

**Ordered** in Jacksonville, Florida, on July 21, 2025.

*Patricia D. Barksdale*
Patricia D. Barksdale
United States Magistrate Judge

2