United States District Court
Middle District of Florida
Tampa Division

**GLADYS SANTIAGO,**

    *Plaintiff,*

v.                                                                                                                                                   No. 8:24-cv-1552-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Order

The court reversed the Commissioner of Social Security's decision partially denying Gladys Santiago's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 22. Through an amended motion, Santiago moves for an award of $4,092.40 as an attorney's fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 26. At a September 9, 2025, hearing, *see* Docs. 27, 31, Santiago further amended the request to omit 2.25 hours of work performed on February 28, 2024, and June 4, 2024. *See* Doc. 26-1 at 1. Her counsel clarified that she requests no fees for time spent performing clerical work. She now requests an award of **$3,525.76** as an attorney's fee. The Commissioner has no opposition.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. *See* Docs. 21, 22, 24; Doc. 26 ¶ 5. Santiago contends the Commissioner's position was not substantially justified, Doc. 26 ¶ 4, and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show that the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). The fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the amended fee request is based on 12.25 hours of work performed in 2024 and 1.75 hours of work performed in 2025 by Santiago's lawyer, Michael Steinberg. *See* Doc. 26-1. She requests an hourly rate of $251.84. Doc. 26 at 3. The hours multiplied by the rate equals $3,525.76.

The requested rate and claimed hours are reasonable. Based on the court's own knowledge and the information provided about Steinberg, *see* Doc. 26 at 5, the rate is within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation as Steinberg. The increased cost of living from March 1996 to the time Steinberg worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited Oct. 16, 2025). As discussed at the hearing, Santiago requests no fees for clerical or otherwise excludable work.

The court leaves to the Commissioner's discretion whether to accept Santiago's assignment of the EAJA fee, *see* Doc. 26-2, after determining whether Santiago owes a federal debt.

The court **grants** the amended motion, Doc. 26, as further amended at the September 9 hearing; **awards** Santiago $3,525.76 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Gladys Santiago and against the Commissioner of Social Security for $3,525.76 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on October 16, 2025.

*Patricia D. Barksdale*
Patricia D. Barksdale
United States Magistrate Judge

3